UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR EMILIO NAJERA PENITU,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-04639-DAD-JDP<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT<br><br>(Doc. Nos. 1, 2) |

On June 15, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for preliminary injunction requesting his immediate release. (Doc. No. 2.) On June 16, 2026, the court set a briefing schedule as to petitioner's motion for preliminary injunction and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

/////

1

On June 17, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for preliminary injunction. (Doc. No. 6.) Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*Id.* at 2–3), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents concede that the factual and legal issues presented by this petition are not substantively distinguishable from those presented in the cases cited in the court's briefing order (Doc. No. 5). (Doc. No. 6 at 3.) Finally, respondents have stated no opposition to the court ruling on the pending habeas petition based upon the briefing currently before it.

Based upon a review of the briefing, the court finds the following facts. Petitioner, a native and citizen of Guatemala, alleges that he entered the United States in 2001 without inspection. (Doc. No. 1 at ¶ 6.) Petitioner does not have any criminal history, other than a 2014 charge for driving under the influence of alcohol, which appears to have been dismissed in 2021. (Doc. Nos. 1 at ¶ 11; 6-3 at 3–4.) On January 20, 2026, petitioner was stopped and detained by ICE officers while driving. (Doc. Nos. 1 at ¶¶ 12–15; 1-2 at 9.) On April 24, 2026, an immigration judge denied petitioner's bond re-determination request because the IJ found that he lacked jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (Doc. Nos. 1 at ¶¶ 20–21; 1-2 at 19–20.)

The court adopts its reasoning set forth in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), where the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who: (1) have entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention. Applying the reasoning therein, the court concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225. Respondents fail to identify any other statutory framework which would justify the continued detention of petitioner, notably failing to argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a). Accordingly, the court also incorporates its reasoning set forth in *Cardenas v. Chestnut,*

2

*et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release from custody because respondents have failed to provide authority for petitioner's detention.

For the reasons above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.     Respondents are ORDERED to immediately release petitioner Hector Emilio Najera Penitu, A-File No. 221-489-556, from respondents' custody;

    b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.     Petitioner's motion for a preliminary injunction (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

3.     The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4.     The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 18, 2026**                                    _____
                                                                        DALE A. DROZD
                                                                        UNITED STATES DISTRICT JUDGE

3